UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 17 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JOVICA PETROVIC, )
)
Plaintiff, )
)
v. ) Civil Action No.: 1:19-cv-00482 (UNA)
)
UNITED STATES OF AMERICA, )
)
Defendant. )

# MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint ("Compl.") and an application to proceed *in forma pauperis* ("IFP App."). The Court will grant the IFP application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of Dresden, Germany. Compl. at caption. He alleges that he was convicted in the United States District Court for the Eastern District of Missouri and that conviction was affirmed by the Court of Appeals for the Eighth Circuit. *Id.* at 2. Upon completion of his sentence, plaintiff alleges that he was deported. *See* IFP App. at 1.

He sues the United States. Compl. at caption. However, it is clear from his allegations that his claims are based on his objections to his underlying criminal conviction and sentencing, and his maintenance of his innocence. He makes passing citation to the Federal Tort Claims Act, 28 U.S.S. § 1346(b)(1), however he states no viable claim under that statute. *Id.* at 1, 4. Instead, he continually argues that the "Chief Judge Riley, Circuit Judge Smith, and Circuit Judge Colloton, for the United States Court of Appeals, Eighth Circuit . . . violated [his] constitutional rights," and "deliberately ignored the United States Constitution," sentencing guidelines, and other legal

1

precedent, during the course of his criminal case. *Id.* at 1, 2, 7–13. He alleges that they "sen[t] an innocent person . . . to Federal Prison." *Id.* at 2. Plaintiff seeks a declaration that these judges allegedly violated his constitutional rights and demands monetary damages. *Id.* at 14.

Assuming *arguendo* that plaintiff had pled sufficient factual and legal bases against defendant, his claims against the United States nonetheless fail. The United States possesses sovereign immunity from suit against itself or one of its agencies for money damages, except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). Sovereign immunity bars a suit against the United States and its agencies except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Plaintiff has neither pled nor established that defendant has expressly consented to damages suits for constitutional violations.

Further, to the extent that plaintiff attempts to sue the judges who presided over his trial and appeal, his claims must also fail; the claims, as pled, are protected under the doctrine of judicial immunity. Federal judges are immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam); *see also Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (acknowledging line of Supreme Court precedents holding that a "judge is immune from a suit for constitutional claims for money damages"). Moreover, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citation omitted).

To the extent that plaintiff seeks to revisit the other federal courts' decisions, this court also lacks jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Lastly, his constitutional claims for monetary damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a litigant convicted of a crime may not recover damages pursuant to 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." *Id.* at 486. An exception to this prohibition exists if a plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. *Heck's* holding that a litigant may not recover damages under § 1983 which would render his conviction or sentence invalid is also applicable to *Bivens* actions. *See Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (per curiam). Plaintiff claims no injury apart from his conviction and sentencing. If judgment is granted in his favor, it "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487.

For all of the aforementioned reasons, plaintiff has failed to establish subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). As a result, this case is dismissed. A separate Order of dismissal accompanies this Memorandum Opinion.

Date: April 16, 2019

United States District Judge